### BLAUT v. GROSS et al.

(Supreme Court, Appellate Term. June 22, 1905.)

1. COUNTERCLAIM—EVIDENCE—REVERSIBLE ERROR.

Where, in an action to recover for dyeing defendants' fox tails, defendants answered with a general denial, and also set up a counterclaim for a number of tails spoiled, giving affirmative evidence thereon, the exclusion of plaintiff's questions referring to the number and condition of the tails as originally claimed by defendants, asked for the purpose of

proving by former declarations of one of defendants that such number was less than that set up in the counterclaim, was reversible error, the questions not being in rebuttal of the evidence given under the general denial, but in contradiction of that offered to support the counterclaim.

2. SAME—RULES OF EVIDENCE.

The general rules regarding admissibility of evidence under a counterclaim are the same as those regulating evidence under a complaint or declaration.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 1296–1298.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Lazarus Blaut against Albert Gross and others. Judgment for defendants, and plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

Henry Kunts, for appellant.

Meyer & Godson, for respondents.

MacLEAN, J. Herein the plaintiff orally complained for compensation for dyeing 985 fox tails. The defendants likewise answered with a general denial, under which they adduced evidence to show that the dyeing was done not according to agreement, but badly. Had the case rested with this, there might or might not have arisen the question whether the view taken of the defendants' evidence were not so favorable, and that of the plaintiff so disparaging, as to call for consideration. However, the defendants also set up a counterclaim, to wit, for 123 red fox tails spoiled, and gave affirmative evidence thereon. Then, to prove by former declarations of one of the defendants that it should have been for a much smaller number, the plaintiff's counsel called his manager, and asked, "Did you have a conversation with Mr. Engel in relation to the fox tails?" and on objection said, "I want to prove that all they claimed was for 31 fox tails and offered to pay him forty dollars," but the question was excluded by the court, saying, "Objection sustained on the ground that it is not in rebuttal." Another similar question, but referring more specifically to the number and condition of the tails as originally claimed by the same defendant, was excluded on the same ground. The exclusion of these questions was reversible error. The plaintiff was not to anticipate in his evidence that to be given in support of the affirmative of the defense. The general rules regarding admissibility of evidence under a counterclaim are, as were those respecting set-off or recoupment, the same as those regulating evidence under a complaint or declaration. The questions were not in rebuttal of the evidence given under the general denial, but in contradiction of that offered to support the counterclaim. They should have been allowed. "Justice demands that each party be given an equal opportunity to countervail the affirmative evidence which his opponent has produced." The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.